NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JERICA S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.B., *Appellees*.

No. 1 CA-JV 20-0024
FILED 9-10-2020

Appeal from the Superior Court in Maricopa County
No. JD33545
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

¶1        Jerica S. ("Mother") appeals the superior court's order terminating her parental rights as to her son J.B.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother has four children.  Her parental rights to the two youngest children were previously terminated, a ruling this court has since affirmed. *Jerica S. v. Dep't of Child Safety*, 1 CA-JV 19-0124, 2019 WL 6918396 (Ariz. App. Dec. 19, 2019) (mem. decision).  Mother's parental rights as to the oldest child remain intact, although a motion to terminate that relationship is pending in the superior court.  This appeal concerns only the severance of Mother's parental rights as to J.B., born in October 2008.[1]

¶3        In November 2016, Mother was arrested in a stolen car after she attempted to use a stolen credit card.  The children were with her at the time.  Police reported that Mother was acting erratically and seemed to be under the influence, and Mother admitted a history of substance abuse.  The Department of Child Safety ("DCS") took the children into care soon thereafter, and the superior court found the children dependent as to Mother.  J.B. has been in an out-of-home placement since then.

¶4        Over the next year, Mother continued to use methamphetamine and began using heroin as well.  Although she began substance-abuse treatment programs on several occasions, she did not complete them.  Then in November 2017, Mother was arrested for multiple burglaries of gym lockers, and she has remained incarcerated since that time.  Mother was ultimately sentenced to five years' imprisonment, with an anticipated release date between December 2021 and March 2022.

---

[1]        J.B.'s father's parental rights have also been terminated, but he is not a party to this appeal.

¶5            While incarcerated, Mother has had monthly in-person visits with J.B. as well as weekly phone calls.  She has also sent him letters every week or two, as well as cards a few times each month and gifts every couple of months for special occasions.  Additionally, Mother participated in peer-to-peer counseling as well as parenting, domestic violence, and anger management classes, and she completed a literacy program, while planning to pursue her GED.  She also participated in programs directed at substance abuse, including Narcotics Anonymous, Heroin Anonymous, Crystal Meth Anonymous, and Confronting Addictive Behavior.

¶6            Meanwhile, J.B. and his two younger siblings were placed with a foster family.  The placement was able to meet all of J.B.'s needs and was willing to adopt him.  J.B. described liking his living situation and expressed that he was willing to be adopted by his foster parents, although he also expressed a desire to live with his older sibling and maternal grandmother.

¶7            DCS moved to terminate Mother's parental rights as to J.B. on the statutory grounds of length of felony sentence, 15 months' time in care, and prior termination.  *See* A.R.S. § 8-533(B)(4), (8)(c), (10).  After a two-day contested hearing, the superior court terminated Mother's parental rights, finding that all three alleged statutory grounds for severance existed as well as that severance would be in J.B.'s best interests.  Mother timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶8            The superior court is authorized to terminate a parent–child relationship if clear and convincing evidence establishes at least one statutory ground for severance and a preponderance of the evidence shows that severance is in the child's best interests.  A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).  We review a severance ruling for an abuse of discretion, deferring to the superior court's credibility determinations and factual findings.  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004); *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶9            Mother's appeal challenges only the superior court's finding that termination would be in J.B.'s best interests; she does not challenge the existence of statutory grounds for severance.  Termination of parental rights is in a child's best interests if the child would benefit from severance or be harmed by a denial of severance.  *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 13 (2018).  Relevant considerations include the parent's prospects

for rehabilitation, as well as the child's adoptability, the existence of an adoptive plan, and whether the placement is meeting the child's needs. *Id.* at 148, ¶ 1; *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3–4, ¶ 12 (2016). Stability and security for the child are primary considerations. *Demetrius L.*, 239 Ariz. at 4, ¶ 15.

**¶10** Mother argues that the evidence did not support the superior court's best interests finding. But the record showed J.B. was thriving in an adoptive placement that was willing and able to meet his needs, all of which supports a potential benefit from severance. *See id.* at ¶ 12. Although Mother asserts that the superior court focused too heavily on her incarceration, the court reasonably considered, as one facet of the totality of the circumstances, how Mother's incarceration had already and would continue to delay reunification. *See Alma S.*, 245 Ariz. at 150–51, ¶ 13. By the time of the severance ruling, J.B. had been in an out-of-home placement for over three years, and, even assuming no further delays, he faced at least two more years of uncertainty before any potential reunification.

**¶11** Mother also asserts that the superior court failed to consider her rehabilitation efforts and her existing bond with J.B. *See A.R. v. Dep't of Child Safety*, 246 Ariz. 402, 406–07, ¶ 13 (App. 2019) (as amended) (noting that the parent's reunification efforts and the parent–child bond are appropriate factors to consider within the totality of the circumstances). But the court expressly did so, acknowledging Mother's existing relationship and bond with J.B. as well as delineating the reunification efforts and progress she had made. Although Mother suggests that the superior court should have given these factors more weight, we do not reweigh the evidence on appeal. *See Jesus M.*, 203 Ariz. at 282, ¶ 12.

**¶12** Accordingly, the superior court did not abuse its discretion by finding termination to be in J.B.'s best interests and, given the existence of statutory severance grounds, terminating Mother's parental rights.

**CONCLUSION**

**¶13** The judgment is affirmed.

